## BRYAN  *v.*  BERRY *et al.*

Where A authorizes B to sign his name as surety to a note, and B signs A's name with his own, as joint and several makers of the note, B is not liable.

An authority to do a particular act must be exercised in the manner designated, or it is not obligatory.

It is not material on what part of a note a secondary promissor places his name; if the character of his liability is made to appear, his rights are the same as those of an endorser.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

This was an action on a joint and several note made to plaintiff and signed with the names of John H. Berry, James H. Gordon, and Daniel M. Berry.

Daniel M. Berry filed an answer denying that he executed the note.

The case was tried before the Court below, a jury being waived. The finding of the Court establishes the following facts : John H. Berry and James H. Gordon, being desirous of making a purchase of the plaintiff, offered their note for the purchase money. The plaintiff refused to take it unless they procured the signature of Daniel M. Berry, or some other responsible party as surety. They thereupon procured the authority of D. M. Berry to sign his name to the note as surety, if they could not get along without it. Upon this authority John H. Berry signed the name of Daniel M. Berry to a joint and several note, signed also by himself and Gordon, and informed Daniel M. Berry thereof the next day. The note was never negotiated. As a conclusion of law, the Court below finds that Daniel M. Berry is bound as a joint and several maker of the note, and entered judgment accordingly.  D. M. Berry appealed.

*John Curry* for Appellant.

If Gordon and John H. Berry were agents for any purpose, then they were special agents for a single purpose, and they could do only as they were authorized.  Story on Agency, §§ 17 and 126, and note ; 2 Kent's Com., 620, 621 ; 5 Johns. R., 58 ; 2 Johns. R., 48 ; 7 Johns. R., 390 ; Theobald on Principal and Agency, chap. 1.

The liability of the principal depends,

1. Upon the fact that the act was done in the exercise of the power delegated.

Bryan v. Berry.

2. That it was done within its limits. Mechanics' Bank *v.* Bank of Columbia, 5 Wheaton's R., 326; Atwood *v.* Mannings, 7 Barn. and Cress. R., 278; Batty *v.* Carswell, 2 Johns. R., 48; 15 Johns. R., 44.

A person dealing with a special agent is bound to know at his peril the extent of such agent's authority, and to understand its legal effect. 1 Am. Lead. Cases, with notes by Hare and Wallace, pp. 544 and 545, and cases there cited; Story on Agency, pp. 145 and 146, and cases there cited; ibid., pp. 148 and 149, and notes to such pages.

If the name of the appellant was to be used, he had the right to designate how and in what form; and having determined and designated his character in the transaction, it was not within the scope of the authority delegated to the principal debtors, nor within the power of the creditor to charge the appellant otherwise than as surety. 3 Kent's Com., 124; see the notes to the text.

Reasons why the appellant had the right to appear upon the note, if he was to appear there at all, in his true character. Price *v.* Edwards, 10 Barn. and Cres. R., 578; Ashbee *v.* Pidduck, 1 Mces. and Welsby, 568; Rees *v.* Barrington, 2 Vesey, 541; Butler *v.* Rawson *et al.*, 1 Denio R., 105–6; Wells *v.* Girling, 8 Taunton R., 737; 2 Am. Lead. Cases, Hd. W.'s notes, 299; Grafton Bank *v.* Kent, 4 N. H. R., 221; Grant *v.* Ferguson, 9 Missouri R., 125; King *v.* Baldwin, 2 Johns. Ch. R., 554–563; Paine *v.* Packard, 13 Johns. R., 175; King *v.* Baldwin, 17 Johns. R., 384, etc.

The contract of the appellant, if indeed there was any contract made by him to respondent, was an agreement to answer for the debt, default or miscarriage of the debtors, John H. Berry and James. H. Gordon, and was void, because the appellant did not bind himself thereto by writing subscribed by him, expressing the consideration therein. Statute of Frauds, § 12; Chitty on Contracts, 534; 3 Kent's Com., 123; Rogers *v.* Kneeland, 13 Wend., 114; Leland *v.* Creyon, 1 McCord's R., 100.

If the appellant could have been rendered liable on the note as a surety, then, in order to fix his liability, the respondent should have presented the note when due, to the makers thereof for payment, and upon its dishonor, given the appellant due notice thereof. 3 Kent's Com., 123 and 124; Brickhead *v.* Brown, 5 Hill, 635; 2 Am. Lead. Cases, 298 and 299; Biggs *v.* Waldo, 2 Cal., 485; Clark *v.* Smith, ib.; 605.

*B. C. Whitman* for Respondent.

1. The allegation that the appellant was the maker of the note mentioned in the plaintiff's complaint, is supported by evidence competent to establish that fact. 2 Camp, 305, 452; 3 C. and Payne's, 335, cited in 2 Greenleaf on Ev., page 135, note; Elliot *v.* Cooper, 2 Ld. Raymond, 1376; Erskine *v.* Murray, ib., 1542; Heys *v.* Hesseltine, 2 Camb., 604.

2. The power conferred on the co-promissors to use the name of appellant *as security*, was not a special power, but rather a general power

for a special purpose, and was well exercised by the co-promissors. Story on Agency, §§ 19, 20, 130, 133; Andrews v. Kneeland, 6 Cowen, 354; 3 Tenn. R., 757; Anderson v. Coonley, 21 Wend., 279; Perkins v. Wash. Ins. Co., 4 Cowen, 645; 1 Hill, 501; 4 Barb., 369.

Even the qualification contended for would not materially vary the rights of the appellant, for as endorser or surety he might be charged as maker. Minot's Digest, page 101, § 30 *et seq.*; Seymour v. Van Slyck, 8 Wend., 421; Dean v. Hall, 17 Wend., 214; Sissen v. Barrett, 6 Barb., 199; Robinson v. Tyler, 10 Barb., 512; Agawam Bank v. Strever, 16 Barb., 84; Humphreys v. Gale, April Term S. C., 1855.

Nor is the contract within the Statute of Frauds. Leonard v. Vredenberg, 8 Johns., 28; Railey v. Freeman, 11 Johns., 221.

3. An authority having been conferred, an innocent third party must not suffer from the act of the agent, though done in excess of authority. 2 Kent's Com., 621, note; 2 Hill, 451; Rust v. Norton, 4 Cal., 355; Sanford v. Handy, 23 Wend., 267; Exchange Bank v. Monteith, 17 Barb., 171; Story on Agency, §§ 73, 165; Hellman v. Potter, Jan. T., 1856.

It was the appellant's duty to disavow the act of his agent, when put upon inquiry; failing to do this, ratification is presumed. Story on Agency, §§ 253, 258; Moss v. R. Lead Mining Company, 5 Hill, 137; Delafield v. State of Illinois, 26 Wend., 192; 12 Johns., 300; 3 Cowen, 281; 4 Barb., 369.

Authority being shown, the manner of its exercise, etc., was a question for the jury. Exchange Bank v. Monteith, 17 Barb., 171.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY concurred.

This case presents one of the loosest transactions ever reported, upon which a case was brought into Court. There is really shown by the evidence no authority whatever by the defendant to any one to sign his name, unless that authority can be inferred from his silence when told that it had been signed. But as this has been passed upon as a fact, it is not necessary to review it, even although there is no conflicting evidence. It appears sufficiently clear that if any authority was given, it was confined to signing it as a surety, or in the common and ignorant use of the language on the *occasion*, as "security."

This implies a secondary liability, and it should so have appeared in some manner on the note, so as to entitle the surety to notice of demand upon the principals and non-payment by them. It is not material on what part of a note a secondary promissor places his name; if the character of his liability is made to appear, his rights are the same as those of an endorser. This is in strict conformity with the decisions we have heretofore made, and to which we were led by the conviction that the rules of law fixed a uniform liability as to all such contracts, which disclose the intention of the contracting parties to be alike. In Riggs v. Waldo, 2 Cal. R., and in Gimmey v. Donnelly, 5 Cal. R., the names of the endorsers or guarantors were on the back of the note; while in

the case of Lightstone v. Laurencel, 4 Cal., 277, the name of the surety is on the face of the note.

It is not, therefore, so much the position of the party's name upon the paper which denotes his liability, (although it frequently does so,) but it is the intention with which he executes it, if such intention is made to appear by the note itself, which determines whether his liability is primary or secondary.

It is clear, in this case, that the authority given by the defendant was to sign his name as surety, and not as principal, and as the authority was not exercised in the manner delegated, the plaintiff cannot recover.

Judgment reversed.

A petition for a re-hearing being filed, Mr. Justice HEYDENFELDT delivered the opinion of the Court, and Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

The petition for a re-argument of this cause has induced us to review each step of the ground we have heretofore taken in regard to the class of cases to which this belongs. The petitioner cites and relies upon the case of Humphreys v. Yale et al., decided by this Court at the April term, 1855. Some of the expressions used, in the opinion in that case, have been misunderstood by the counsel in this, from the want, doubtless, of a particular reference to the facts of that case. It came up here upon error assigned in sustaining a demurrer to the answer, which set out simply that the word surety had been obliterated or torn away from one of the names of the makers of the note : but the answer failed to show in what respect this alteration was of any importance. To make such an averment effectual as a defence, it was necessary also, to allege a want of demand upon the principal, and notice thereof to the endorser, or some other fact, which in connection with the averment made, would have operated to the discharge of the surety from liability; so that in fact, the question of demand and notice did not arise in the case, and was not argued or considered.

In the various decisions which we have made upon this subject, we have not pretended to follow the opinions of other Courts, but have expressly stated the contrary. It was, indeed, from a full consideration of the various and conflicting judgments which had been rendered upon like cases, that we felt constrained to investigate carefully upon what principle they ought to rest, and to go back to the fountain-head to ascertain a rule founded upon reason, and operating with uniformity and certainty.

In the case of Riggs v. Waldo, 2 Cal., there was an irregular guarantee on the back of the note. In the case of Laurencel v. Lightstone, 4 Cal., there was an undertaking in express words as surety, on the face of the note.

In a subsequent case unpublished, there was the word " surety," or " security," written opposite a name beneath that of the principal.

What then was the position of these various parties ? They were

not principals, because the face of the paper in each case, disclosed that they bore a different relation. There seemed to us to be but one answer to the question, and that is, that each had undertaken and promised to pay the debt, in the event that the principal failed to do so. If this then be true, (and I do not imagine that it can be gainsaid,) ought any rule of reason to make a difference between the one who had thus expressed his liability on the face of the note, and him who had written it on the back? Is not the meaning, sense, and information conveyed, alike in both cases. In all the cases put, the liability involved by the terms used, is a secondary one to that of the principal. The meaning of the term used in one case, must undergo the same definition, must be explained and fixed by the same language; and this language and this definition is precisely the same, as explains and defines the character and undertaking of a regular commercial endorsement. It would be strange then, if in reason it can be said that important privileges and conditions should be annexed to modify the contract of the one, and not of the other.

Besides these reasons, which have imperatively demanded from our judgment the rule we have adopted, the considerations that we are free from the uncertainty and vacillation which everywhere else prevails; that contracting parties will easily and clearly comprehend their respective rights and duties; that our Courts will no more be the arenas of conflicts upon this class of cases, which involve nice distinctions and metaphysical refinements; all tend to confirm us in the propriety of our course.

Because we have differed from other judges upon the question before us, we cannot allow that we are departing from the settled law, although it may be admitted that decided cases are in some sense, evidence of what the law is. I say in some sense, because it is not so much the decision, as it is the reasoning upon which the decision is based, which makes it authority, and requires it to be respected. The cases we have declined to follow, exhibit no agreement whatever, afford no certainty, and by attempting distinctions between facts showing but slight shades of difference, they invite contest and litigation upon every contract of the kind which arises.

Resting, therefore, upon the maxim, that reason is the foundation of the law, we think that we are not arrogant in assuming, that we have settled this subject of controversy upon the strict doctrines of the Common Law. We have made this full review of the question to show our determination, after great deliberation, to adhere to our former opinions, and that the profession and the public may be advised accordingly.

Petition denied.