[Civ. No. 11812.   Second Appellate District, Division One.—June 21, 1939.]

LEATHA M. KNECHT, Appellant, v. ROY LOMBARDO et al., Defendants; AL TOWENBERGER et al., Respondents.

Sylvester Hoffmann and Vernon Olson for Appellant.

Lyndol L. Young and Joseph H. Edgar for Respondents.

WHITE, J.—This appeal is from a judgment of nonsuit entered in favor of defendants Helms Bakeries, a corporation, and Adolph Lowenberger, in an action instituted by plaintiff as the mother of her deceased minor son to recover damages for the alleged wrongful death of the latter.

Epitomized, the facts disclosed by the record are that on the date of his demise the minor was slightly over seven years of age. At the time of the accident he was a student in the first grade at the Woodcrest Grammar School, to which institution he was returning after having had his lunch. The school is located at the northeast corner of 109th Street and Budlong Avenue in the city of Los Angeles. 109th Street extends in an easterly and westerly direction and is forty feet in width. Budlong Avenue runs in a northerly and southerly direction. Shortly prior to the fatality, defendant Lowenberger, employed by defendant Helms Bakeries, a corporation, and while in the scope and course of his employment vending from the auto truck the bakery products of his employer, drove the said auto truck over on to the south (wrong) side of 109th Street, headed in a westerly direction, and stopped his vehicle about six feet from the southerly curb of 109th Street, where he engaged in the making of a

sale of bakery products to one Dillman. Other vehicles were parked on both sides of 109th Street in the vicinity of the Helms bakery truck. While the sale and purchase negotiations were in progress at the truck, the deceased minor was standing in the street to the left of the purchaser, eating an orange. His business with Mr. Dillman being completed, defendant Lowenberger started the bakery truck in a westerly direction toward the next house, forty to fifty feet distant, but continuing on the southerly (wrong) side of the street. About this time a motor truck entered 109th Street from Budlong Avenue and proceeded in an easterly direction, operated by one Pennington and owned by one Lombardo, both of whom were originally named as defendants, but as to whom the plaintiff dismissed the action on the morning of the trial. As the last-named truck passed respondent's truck, it struck and killed the plaintiff's seven-year-old son as the latter was running across 109th Street from behind the Helms Bakery truck. As the eastbound truck passed respondent's truck the projecting stake body of the eastbound truck struck the child when he was at a point about the middle of the street, resulting in injuries to which he later succumbed.

Appellant takes the position that the location of respondent Helms Bakeries' truck and the vehicles parked at the curb obscured the vision of Pennington, driving the eastbound truck, so that the latter could not see the boy until he emerged from behind the Helms Bakeries' truck and when it was too late to avoid the accident, and also that the position of the aforesaid vehicles obscured and obstructed the vision of the boy from seeing the approaching eastbound truck prior to the time the minor reached a point approximately in the center of the street. This situation, appellant asserts, was the sole proximate cause of the minor's death.

As her first ground for reversal, appellant contends that the motion for a nonsuit was fatally defective for the reason that the same failed to point out any of the grounds upon which it was made. In this claim appellant cannot be upheld. That the proceedings had upon the hearing of the motion for a nonsuit were sufficient to inform the court and counsel of the specific ground of the defendant's motion is made manifest by the following quotation from the record:

"Mr. Young (counsel for defendants): May it please the court, I move the court at this time for judgment of nonsuit

450

in favor of the Helms Bakeries and the defendant Lowenberger.

"The Court: I would like to hear from you on that, Mr. Hoffman.

"Mr. Hoffmann (counsel for plaintiff) : I have cases here that will sustain our position. It will be conceded by counsel that the Helms' man was violating the law at the time of the accident.

"The Court: He was on the wrong side of the street, no question about that.

"Mr. Hoffmann: Furthermore, he had violated the law by parking double on the wrong side of the street.

"The Court: Stipulate to that, too.

"Mr. Hoffmann: In other words, there can be no question he was negligent *per se*. The only question is did it contribute to the death of the boy.

"The Court: That is all."

From the foregoing, it is at once apparent that the motion was understood by all concerned to have been made, argued and decided on the single ground that the negligence, if any, of the defendants was not the proximate or contributing cause of the accident in question. Appellant's failure, when she heard the motion made, to complain because it was too general and not specific, coupled with the fact that the motion was argued at some length in the trial court, adds further support to the conclusion that appellant's counsel knew and understood the sole and only question presented on the motion for nonsuit. ■ The rule requiring a specific statement of the defects in the proof that has been made by the plaintiff when a motion for a nonsuit is made is for the court's protection and has application only to cases in which the motion for nonsuit is denied, and not to an order granting it. In the last-named instance, the motion will be sustained if it might have been properly granted upon any ground, whether made a ground of the motion or not. (*Anchester* v. *Keck*, 214 Cal. 207, 212, 213 [4 Pac. (2d) 934].) See, also, opinion of the Supreme Court denying a hearing in *Inderbitzen* v. *Lane Hospital*, 124 Cal. App. 462, 469 [12 Pac. (2d) 744, 13 Pac. (2d) 905].

■ We deem it unnecessary, before proceeding with a discussion of the evidence, to set forth the rule governing the power of the trial court to grant a nonsuit, because the

same has been before the courts of this state on many occasions, and is firmly established by *Estate of Lances,* 216 Cal. 397, 400 [14 Pac. (2d) 768]; *Estate of Flood,* 217 Cal. 763, 768 [21 Pac. (2d) 579]. In analyzing the proof to determine whether it contains evidence of sufficient substantiality to support a verdict for plaintiff if such a verdict were given, we must disregard the fact that there is a conflict in such evidence, and give full credit only to that portion of the evidence which tends to support the allegations contained in plaintiff's amended complaint. We cannot, nor was the trial court authorized, in determining the motion for a nonsuit, to weigh the evidence or judge of the credibility of witnesses.

We proceed, therefore, upon the basis that plaintiff was required merely to offer competent evidence of such a substantial nature that it might reasonably be inferred therefrom that the negligence of the defendants Helms Bakeries and Adolph Lowenberger was the sole proximate cause of the minor's death. That respondent Lowenberger was guilty of negligence cannot be denied. By driving on the southerly or "wrong" half of 109th Street he violated section 525 of the Vehicle Code. By passing to the left of the eastbound truck operated by Mr. Pennington, respondent Lowenberger transgressed subdivision (a) of section 527 of the Vehicle Code. When the same respondent stopped, parked and permitted his vehicle to stand in front of a private driveway and on the roadway side of other parked vehicles, he offended against section 586, subdivisions (e) and (h), of the Vehicle Code. Each of these violations were unlawful and constituted separate misdemeanors. (Secs. 760, 762, 763, Vehicle Code.) As to this negligence on the part of respondents constituting the proximate cause of the accident, and viewing the evidence, as we must, in the light most favorable to appellant, we find testimony by Mr. Pennington, driver of the eastbound truck, as follows: "Well, the instant I passed him" (referring to respondent's bakery truck) "a little boy ran off from the back of the Helms truck"; while the witness Dillman, who was making a purchase from the bakery truck, further testified that the minor was standing alongside of him and that following the completion of the purchase by the witness, respondent Lowenberger started westward on the "wrong" side of the street with the driver continuing to carry on a conversation with the witness while the latter was backing away from the

bakery wagon; that as the bakery wagon drove away " . . . I was still looking at him. Just instantly I saw another truck pass the rear of this truck here, the Helms truck." The witness then noticed the child "start out across the street". We also find the following questions propounded and answers given thereto by Mr. Dillman:

"Q. . . . Calling your attention to the Helms truck marked P-2 when you were making the purchase, assume that this cross is the place where the boy landed, that P-6 is the place where the Pennington truck was at the moment of the impact, how far had the Helms truck proceeded from the time that he started off in front of you and the moment you saw the boy get hit? A. Approximately about 15 or 20 feet; the length and a half of the truck, I would say. Q. So that— A. 20 feet I would say. Q. About 20 feet between P-2 at the time you completed the purchase and P-3 at the time of the impact with the Pennington truck; is that correct? A. Yes, sir."

It is true that certain inconsistencies can be made to appear in the foregoing testimony, as suggested by respondent, by mathematical computations based upon answers given by the witnesses on cross-examination as to distances; but on motion for a nonsuit the court must determine whether there is in the record sufficient evidence which, if believed, would sustain a verdict for the plaintiff. In the case at bar we are persuaded that there was evidence to support plaintiff's contention that the driver of respondent's bakery wagon was guilty of negligence under the circumstances of this case which proximately contributed to the death of the child. With the minor standing alongside his truck while the driver was talking with Mr. Dillman and surrounded as he was with children playing in and about the school grounds and walking upon the sidewalks, such driver should have anticipated thoughtlessness and impulsiveness in the conduct of these children. It may reasonably be assumed, if some of the evidence is believed, that had respondent Lowenberger complied with the provisions of the California Vehicle Code and not parked his truck on the "wrong" side of the street in the second lane of traffic, and had he not continued on the "wrong" side of the street when driving away after completing his sale to Mr. Dillman, the view of the driver of the eastbound truck and the view by the child of the same truck might not have been obscured as the boy started across

the street from behind respondent's bakery wagon. Based upon the evidence in this case and the inferences reasonably deducible therefrom, we find no grounds which warranted the granting of a nonsuit.

It should be understood that throughout this opinion we have taken the evidence most strongly in plaintiff's favor, as we are bound to do where an appeal is taken after the granting of a nonsuit. We wish it understood that we are expressing no opinion as to the weight of the evidence or its truth or falsity.

The judgment is reversed and the cause remanded for a new trial.

York, P. J., and Doran, J., concurred.