Marilyn Stine, Minor, by Albert D. Stine, Her Father and Next Friend, Appellee, v. Union Electric Company of Illinois, Appellant.

CULBERTSON, J., dissenting.

Heard in this court at the October term, 1939. Opinion filed March 11, 1940.

GREEN & HOAGLAND, of Alton, for appellant.

J. P. STREUBER, of Alton, for appellee.

MR. JUSTICE DADY delivered the opinion of the court. This is an appeal by the defendant, Union Electric Company of Illinois, a corporation, from a judgment in the sum of $850 in favor of the plaintiff, Marilyn Stine, a five-year-old child, in an action for personal injuries.

Counsel for defendant in their brief say there is no conflict in the evidence. No question is raised as to sufficiency of or variance from the pleadings.

The accident occurred about 3:15 p. m. on September 17, 1937, at the intersection of Tenth and Easton streets in the city of Alton. Both streets were paved. Tenth street runs east and west and Easton street north and south. Easton street was 30 feet wide. The width of Tenth street is not shown and is immaterial.

The south side of a driveway on the east side of Easton street was 23 feet north of the north curb of Tenth street. At the time in question defendant's truck, headed north, was parked "against" and parallel with the easterly curb of Easton street. The mother of plaintiff testified the truck was parked between such driveway and the curb on Tenth street, and that "it took up all the space between the driveway and the curb." No vehicle was in the vicinity other than the Malsom car hereinafter referred to and the truck.

The only description of the truck is "it had a cab in front and a little bed on the back wagon." If the truck took up all the space between the driveway and the north curb of Tenth street as testified to by the mother, and there is no testimony to the contrary, then the truck was about 23 feet in length.

There was an 18 foot strip between the north curb of Tenth street and the north property line of such street, but there was no artificial sidewalk and no beaten path on such strip. Such space north of the curb of Tenth street was grown up to weeds. For a number of years pedestrians using the northerly side of Tenth street have been walking on that part of Tenth street immediately south of the north curb of Tenth street and across Easton street immediately south of the south line of such north curb of Tenth street if projected across Easton street.

Plaintiff, while running west on Tenth street toward her home and across the northerly side of the inter-

40

section, ran into the easterly side of an automobile driven southerly on Easton street by a Mrs. Malsom.

Only two eyewitnesses testified to the accident. Mrs. Malsom testified that as she was driving southerly on the "west side" of Easton street the plaintiff ran westerly from behind the truck and into the side of the Malsom car; that coming down the street she (Mrs. Malsom) was going between 15 and 18 miles an hour but slowed up and at the time of the accident was going about 5 miles an hour. She said, "I looked to the intersection before I got to it but didn't see the child before she came out from the truck." Mrs. Martin, who lived on the northeast corner of the intersection just north of the driveway, testified that while sitting on her front porch she heard her boy and the plaintiff "trotting" westerly down Tenth street and saw them when they got to the corner; that the boy came home, and she did not see the plaintiff struck because the truck was between her and the plaintiff, and that the Malsom car was "not very far" in the street from the west curb.

The only other evidence as to the position of the automobile at the time of the injury is the testimony of Mrs. Martin that the Malsom car "was right at the intersection at that particular time," and that plaintiff was maybe two or three feet out in Tenth street when plaintiff "was starting to pass the truck."

The foregoing are the only material facts.

No complaint is made of the giving or refusal of instructions, or of the admission of evidence, or that the verdict is contrary to the weight of the evidence.

Defendant's first contention is that inasmuch as there was in fact no sidewalk or beaten path along the north side of Tenth street it follows that there was no cross walk on the northerly side of the intersection within the meaning of the statute hereinafter quoted and that therefore defendant did not violate the provisions of said statute by so parking its truck within 20 feet of the intersection.

The material provisions of the statute on parking of vehicles (ch. 95½ [Ill. Rev. Stat. 1939, § 98, 109, 111, 187; Jones Ill. Stats. Ann. 85.130, 85.141, 85.143, 85.219]) are as follows:

Sec. 98. "DEFINITION OF WORDS AND PHRASES. The following words and phrases when used in this Act shall, for the purpose of this Act, have the meanings respectively ascribed to them in this article."

Sec. 109. "SIDEWALK. That portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines intended for the use of pedestrians."

Sec. 111. "CROSSWALK. (a) That portion of a roadway ordinarily included within the prolongation or connection of the lateral lines of sidewalks at intersections."

Sec. 187. "(a) No person shall stop, stand, or park a vehicle, . . . in any of the following places: . . . Within 20 feet of a crosswalk at an intersection."

With this contention of defendant we cannot agree. This being a remedial statute, "All general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the Legislature may be fully carried out." (Sec. 1, ch. 131, "Construction of Statutes" [Jones Ill. Stats. Ann. 27.13].) Ordinarily does not mean actually. Section 109 does not provide or require that the strip intended for sidewalk purposes be actually improved with or used as a sidewalk, and section 111 does not require that the cross walk be actually improved or designated in any particular way. The truck was in fact parked on and across that portion of Easton street that would ordinarily be included within the prolongation of the lateral lines of sidewalks at intersections. Any other view would be giving a narrow construction to the statute.

This contention of the defendant is untenable for the further reason that the complaint states and the answer of defendant admits in effect that there was such

a sidewalk. The complaint alleges that the city placed dirt upon the "sidewalk" immediately adjoining the intersection of Tenth and Easton streets, eastwardly along the north side of Tenth street, and that the defendant caused a dangerous obstruction on said sidewalk, . . . and that "by reason of said obstruction placed on said sidewalk . . . by said defendant," etc. By its answer the defendant did not in any way deny there was such a sidewalk but denied that it negligently did place upon "the public sidewalk" and premises immediately adjoining the intersection of Tenth and Easton streets, and denied that it created a dangerous obstruction on "said public sidewalk" adjoining said premises, and denied that its work constituted a dangerous obstruction to the public using "said sidewalk" and street. In our opinion, by its answer the defendant admitted that there was a sidewalk as charged, and the question of whether there was or was not a sidewalk was not in issue. It being so admitted that there was a sidewalk, it follows that there was a cross walk within the meaning of the statute.

The only other contention of defendant is that if such parking was a violation of the statute the plaintiff has not shown that such violation proximately caused the injury to plaintiff. We cannot agree with this contention.

In determining whether plaintiff made a prima facie case, we cannot weigh the evidence but must consider the evidence most strongly in plaintiff's favor, and give to it every reasonable intendment favorable to the plaintiff. (*Blumb v. Getz,* 366 Ill. 273.) What is the proximate cause of an injury is ordinarily a question of fact to be determined by the jury from a consideration of all the evidence. It can only be raised as a question of law when the facts are not only undisputed, but also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn therefrom. (*Phillabaum v. Lake Erie & W. R. Co.,* 315 Ill. 131.) The negligent act or omission

must be one of the essential causes producing the injury, but need not be the sole cause nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it causes the injury. (*Thomas v. Chicago Embossing Co.*, 307 Ill. 134.) A violation of the statute prescribing a duty for the protection and safety of persons and property is evidence of negligence, if such violation caused or contributed to cause the injury. *United States Brewing Co. v. Stoltenberg*, 211 Ill. 531; *True & True Co. v. Woda*, 201 Ill. 315.) These are fundamental and well-settled principles of law. The difficulty is in their application.

In our opinion this case does not have to and cannot be decided on mere inferences or presumptions, as contended by defendant. Circumstantial evidence is competent and ofttimes more satisfactory than direct evidence. The only reasonable conclusion is that Mrs. Malsom could not see the child and the child did not and could not see Mrs. Malsom's car until the child emerged from behind the truck. There was ample evidence tending to prove such facts,—hence the truth of such facts was a question for the jury.

The statute in question prescribed a duty for the protection and safety of persons and property,—the safety of pedestrians and those riding in vehicles. The accident that happened was one of the very things from which the imposition of this duty was designed to protect plaintiff and other persons. It seems self-evident that the parking of this truck materially interfered with the view of the child and of Mrs. Malsom. In fact, the jury would have been justified in believing and probably did believe that the view of Mrs. Malsom was so obscured as to prevent her seeing the child in time to take the necessary precautions to avoid the injury.

Defendant was bound to recognize the fact that children will be found playing in the street and that they sometimes attempt to cross the street unmindful of its

dangers. (*Morrison v. Flowers,* 308 Ill. 189.) The defendant was prima facie negligent and the jury could well find that the injury to plaintiff was a natural and probable consequence of such negligence.

No Illinois case has been cited and we have found none which is analogous on the facts to the case at bar. However, there are several cases from other States which are closely analagous to the present case.

In *Milbury v. Turner Centre System,* 274 Mass. 358; 174 N. E. 471, a truck was parked in violation of a city ordinance prohibiting parking within an intersection or within 10 feet of a street corner, by being parked partly across a cross walk. In crossing the street, a five-year-old child passed about a foot in front of the truck and was about a foot beyond its outer side when he was struck by another car coming from the rear of the truck. The trial judge directed a verdict for the truck owner. The Supreme Court reversed such ruling, and on a stipulation as to the amount of the damages ordered that judgment be entered for plaintiff, and in so doing said: ''In the case before us the ordinance related directly to the safety of persons using and passing street corners and sought to keep them clear in order that those using either the sidewalk or the way for vehicles might see the existing traffic in an intersecting street as well as in the way that they were using and act with full knowledge of conditions in the ways so that a violation would indicate negligent conduct. A jury could find that leaving a solid truck ten or eleven feet high close to a corner, cutting off the view of an intersecting street and with the hood blocking from three to five feet of the space generally used as the sidewalk and approach to the street crossing, was a negligent act.''

In *Kuba v. Nagel* (Mo. App.), 124 S. W. (2d) 597, the defendant parked its truck, headed south, on the west side of a north and south street, at the northwest corner of an intersection in such a manner as to block-

ade the east and west cross walk, and in violation of a city ordinance which prohibited the parking of a vehicle so as to obstruct a sidewalk crossing. The decedent, a five-year-old child, in undertaking to cross the north and south street from the west passed immediately in front of the parked truck and collided with the side of an automobile traveling southerly on such street. The court said: "In our view the ordinance is intended not merely to keep open the crosswalks at intersecting streets for pedestrians, but to add to the safety of pedestrians in the use of such crosswalks. . . . It is appellant's contention that there is no evidence from which it may be legitimately inferred that if there had been no violation of the ordinance the boy would not have 'run out into the street with his head down,' and into the passing automobile, and that in this state of the record a jury could not, without resort to speculation or conjecture, find that absent the violation of the ordinance, the injury would not have occurred, and, therefore, under such circumstances, no recovery may be had as for a violation of the ordinance. This argument is without merit.

"In considering the facts which we have set out as they appear from the record before us upon the question as to whether or not the evidence shall be held sufficient on the question of causal connection between the injury to Victor Kuba, Jr., and the negligence charged against appellant to permit the case to be submitted to the jury, we have in mind that such causal connection may be shown by facts and circumstances which fairly suggest that the appellant's negligence operated proximately to produce the injury to Victor Kuba, Jr., and which afforded a reasonable inference to that effect, reckoned with in light of ordinary experience and such conclusion as common sense dictates. . . .

"In our view plaintiffs adduced competent evidence sufficient, if believed, to sustain a verdict by the jury

that if the crossing had not been obstructed the boy would not have run into the passing automobile, and that the negligent act of obstructing the sidewalk crossing by the truck was the efficient procuring cause of the injury, and that the injury to the boy was the natural and probable consequence of such negligence.

"In reaching this conclusion we have in mind that the party charged with negligence need not have anticipated the very injury complained of, or anticipated that it would have happened in the exact manner in which it did, but it is only necessary that after the injury is complete it appears to have been a natural and probable consequence of his act or omission."

*Knecht v. Lombardo*, 33 Cal. App. (2d) 447, 91 P. (2d) 917, was an action to recover for injuries causing the death of a seven-year-old child. Defendant's truck, in violation of the State law, was being driven in a westerly direction on the wrong side of a city street. Other vehicles were parked on both sides of such street. Another truck was going in the opposite direction. The deceased ran from behind the defendant's truck into the path of and was struck by the other truck. The court said: "We cannot, nor was the trial court authorized, in determining the motion for a nonsuit, to weigh the evidence or judge of the credibility of witnesses. . . . It may reasonably be assumed, if some of the evidence is believed, that had respondent Lowenberger complied with the provisions of the California Vehicle Code and not parked his truck on the 'wrong' side of the street in the second lane of traffic, and had he not continued on the 'wrong' side of the street when driving away after completing his sale to Mr. Dillman, the view of the driver of the eastbound truck and the view by the child of the same truck might not have been obscured as the boy started across the street from behind respondent's bakery wagon. Based upon the evidence in this case and the inferences reasonably deducible therefrom, we find no grounds which warranted the granting of a nonsuit."

In *Winsky v. DeMandel*, 204 Cal. 107, 266 Pac. 534, a truck driver who parked his truck at an intersection so as to obstruct pedestrian travel in violation of a city ordinance, and his employer, were held guilty of negligence in causing the death of a child at an intersection proximately resulting from parking such vehicle in violation of the ordinance.

*Blessing v. Welding*, 226 Iowa 1178, 286 N. W. 436, is a well-considered case in which many authorities are reviewed. The court reversed a judgment of the trial court sustaining a motion to strike the petition (complaint). The Supreme Court said:

"Plaintiff, the wife of the driver of one of the automobiles involved in the collision, asks judgment against the defendants, claiming in her petition that on October 12, 1938, while a passenger in her husband's car being driven east on Correctionville road in Sioux City, she sustained injuries by reason of a collision with a car driven by one Elder Beckstrom from the north toward the south at the intersection of two highways. At the northwest corner of the intersection there is a stop sign on the north-and-south road. The defendants' truck was parked on the parking, or sidewalk, at the northwest corner of the intersection, immediately north of the stop sign, so that more than half of the truck was west of the west curb of Fairmont street (the intersecting street) so as to obscure such stop sign from the vision of drivers of cars coming from the north. Beckstrom, without stopping, proceeded into the intersection and struck the car in which plaintiff was a passenger, damaging the car and injuring the plaintiff. . . . 'There was ample evidence to support the finding of the jury that the injury to appellee would not have occurred if the truck had not been so parked as to obstruct the highway. If it did obstruct the highway when parked there, and this obstruction was negligence, it was a continuing act of negligence up to the time of the injury, and whether it was negligence, and whether the injury would not

have occurred but for this negligence, were questions for the jury.' . . .

"The question of proximate cause as a general rule is a question of fact. The same rule applies as in other questions of fact. This has been determined so many times that it is hardly necessary to cite authority therefor."

With these well-considered precedents before us, and with no precedent to the contrary, and on principle, it is our opinion that the judgment of the trial court should be affirmed.

*Affirmed.*

MR. JUSTICE CULBERTSON, dissenting: The majority opinion in this case does violence to the doctrine of proximate cause. When it is stated that the "only reasonable conclusion" is that the driver of the car could not see the child and that the child did not and could not see the car which was coming down the street, until the child emerged from behind the truck, we are going far afield in my opinion.

There is no evidence in the case, in my opinion, which tended to show that the act of the defendant in parking its truck near the intersection referred to in the majority opinion, was the proximate cause, or even a joint efficient cause, of the injury.

The evidence clearly demonstrated that the automobile by which the plaintiff was injured, was traveling at the rate of about 5 miles per hour at the time of the injury, and that it had been traveling from 15 to 18 miles per hour before it had approached the intersection. It was shown that the truck of the defendant company was parked on the side of the street from which the plaintiff had run, and that the accident occurred toward the opposite side of the street. It was, likewise, shown that the street was 30 feet wide. There was no direct evidence that plaintiff was unable to see the Malsom automobile before the accident because of

the position of the truck of the defendant company. The accident occurred after the plaintiff had already passed the truck of the defendant company. There is, in fact, no showing of circumstances from which a conclusion would reasonably or necessarily be drawn that the parking of the truck was the proximate cause of the plaintiff's injury.

Circumstantial evidence can only be employed to establish liability in a case of this character when the facts are of such nature and so related that it is the only conclusion to be reasonably drawn therefrom, and mere conjecture and suspicion is not enough to establish the requisite causal connection (*Savoy Hotel Co. v. Industrial Board,* 279 Ill. 329; *Ohio Bldg. Safety Vault Co. v. Industrial Board,* 277 Ill. 96; *Anderson v. Chicago, R. I. & P. R. Co.,* 243 Ill. App. 337; *O'Connor v. Aluminum Ore Co.,* 224 Ill. App. 613).

I do not find myself in any way at variance with the principles announced in the cases cited in the majority opinion, but in my opinion none of the cases cited in the majority opinion can be, or should be, taken as a precedent for permitting a recovery in this case. In each of those cases the causation was of such character as to clearly establish the fact that the negligence of the defendant proximately contributed to the injury complained of. In none of those cases has a recovery been permitted where the facts fail to demonstrate a necessary causal connection between the injury complained of and the negligent act charged, as was true in the instant case. It is unnecessary to repeat the facts in such cases (which are set forth in the majority opinion), which demonstrate that the injury occurred, in each instance, in such manner that it was the only reasonable conclusion under the facts referred to in each instance that, the negligence charged was the proximate cause of the injury. While it is true we have no precise precedents in this State, I hold it is likewise true that none of the cases cited in the major-

ity opinion can be taken as precise precedents under the facts in the instant case. In the instant case the fact that the injury was sustained as the result of the child's being struck on the opposite side of the street from the point at which the truck was parked when the automobile, which was being driven, had slowed down to a speed of approximately 5 miles per hour, in view of the evidence in the case, makes it manifest that the position taken in the majority opinion that, the only reasonable conclusion is that such injury resulted from the manner in which the truck was parked, is one which must necessarily be based on inference or speculation alone.

The reference in *Blessing v. Welding, supra,* cited in the majority opinion, to the effect that "the question of proximate cause as a general rule is a question of fact," while sound as a "general" statement, is subject to the limitation that where the facts are of such character as to clearly establish a lack of proximate cause, the question becomes one of law for the court.

In the instant case we would be required to base an inference upon an inference and conclude that the plaintiff (who was unable to testify because of her age) sustained her injury because she did not see the Malsom car, and secondly, that she did not see the Malsom car because of the position in which the truck of the defendant company was parked. The court is not justified in a conclusion which is an inference based, not upon evidence, but upon another inference (*Globe Acc. Ins. Co. v. Gerisch,* 163 Ill. 625; *Fitch v. Monarch Acc. Ins. Co.,* 239 Ill. App. 479). Under the evidence in this case it is purely speculative to conclude that the position of the defendant company's truck proximately contributed to producing the injury of plaintiff. We should, therefore, conclude that the evidence failed to show that the manner in which defendant company's

truck was parked was the proximate cause of the injury sustained by plaintiff, and under the evidence as shown in the record, the court below should have directed a verdict in favor of the defendant, pursuant to its motion.

In view of such conclusion, I, accordingly, dissent from the majority opinion.