### VAN TASSELL *v.* MANHATTAN EYE & EAR HOSPITAL.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

HOSPITAL—LIABILITY FOR MALPRACTICE—SELECTION OF SURGEONS.

A charitable corporation, organized for the purpose of giving gratuitous surgical treatment to indigent persons, is not liable for injuries resulting from performing an operation on a patient, where the corporation has exercised due care in the selection of its skilled employes and surgeons.[1]

Appeal from circuit court, Westchester county.

Action by Bruce Van Tassell against the Manhattan Eye & Ear Hospital to recover damages for the alleged negligent treatment of plaintiff while a patient in defendant hospital, whereby plaintiff lost the sight of one of his eyes. From a judgment for plaintiff, defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Crosby & Crosby,* for appellant. *David H. Hunt,* for respondent.

BARNARD, P. J. The defendant is a charitable corporation incorporated by the legislature under chapter 584, Laws 1869, for the purpose of treating indigent persons suffering from diseases of the eye and ear. The proof shows that the corporation exercised due care in the selection of its physicians. The proof also shows that the operation was one to open the duct which leads from the eye to the nostril, and that it was skillfully done. The only neglect proven consisted in a direction to keep on a bandage over the eye all night after the operation, and in the morning to go to work as usual. The bandage hurt the patient very much during the night. In the morning the sight was gone from the eye. The negligence consisted in the direction of the doctor in the hospital telling the patient to keep the bandage on all night. No inference of negligence can be made from this testimony. The direction to keep the bandage on the eye accords with the experience of all, and there is no reason why it should cause loss of sight. The complaint states an unskillful operation, and, while the evidence is not returned, the charge of the judge takes it for granted from the evidence that the operation was well and skillfully done, but that the defendant owed a duty as to the future treatment of the injured part. In other words, if the physician told the patient to keep a bandage over his eye all night, and if that, in the opinion of the jury, was not the proper direction, a case of negligence would be made out against the defendant. Without other proof, we think no action is made out. The defendant is not liable, except for the omission to give due care to the selection of its skilled employes, surgeons, and others. *McDonald v. Hospital,* 120 Mass. 432: *Insurance Patrol v. Boyd,* 120 Pa. St. 624, 15 Atl. Rep. 553. The court of appeals of this state

----

[1] See note at end of case.

has not been called upon to adjudicate upon the question, so far as I can discover.   Mr. Justice GILBERT at circuit held the corporation not liable, unless a bad selection of persons to act for the care of diseases was made by the corporation.   Mr. Justice LAWRENCE has similarly held at circuit and at special term.   The judgment should be reversed, and a new trial granted, costs to abide event.

NOTE.

CHARITY HOSPITAL—LIABILITY FOR NEGLIGENCE OF SERVANTS.   The question of the liability of hospitals for injuries resulting to patients from the negligence of the hospital surgeons, nurses, etc., has been several times considered.   In Harris v. Woman's Hospital, 14 N. Y. Supp. 881, plaintiff's intestate, in a moment of mental aberration, escaped at night from the ward in which she was placed, and threw herself from a window, and was killed.   The court, considering the evidence offered to sustain the charge of negligence, said:   "The questions remaining to be considered are (1) whether there was actual negligence on the part of the physician and nurse in question; and (2) whether the hospital authorities were negligent in not providing a physician to sit up at night to watch the patients, and in not providing more than one nurse in the ward.   These questions may be examined together, because they are to be determined by the same consideration, viz., whether the circumstances of the case required more attention than was actually bestowed upon the deceased, or upon the cases in the ward in question at the time of this accident.   This question may be viewed from the standing point of the plaintiff's contention that the hospital would be liable for the actual negligence of its physician and nurse, without regard to the fact that it had exercised due care in their selection.   This is questionable upon the authorities, for, in regard to the liability of a corporation for the acts of its servants, a distinction is made with respect to public charitable hospitals; it having been held with good reason that they are not liable for injury to a patient caused by the acts of their agents, where it is shown that they have exercised due care in selecting such agents.   Pryor v. Hospital, 4 N. Y. Law J. 450, (Nov. 25, 1890;) McDonald v. Hospital, 120 Mass. 432.   The last case is cited in Laubheim v. De Koninglyke U. S. Co., 107 N. Y. 230, 13 N. E. Rep. 781, where, in respect of a steam-ship company carrying passengers, it was held, if the carrier is to provide a surgeon for its ships, its duty to the passengers is to select a reasonably competent man for the post, and it is liable only for a neglect of that duty."

In Eibee v. Long Island College Hospital, (Cir. Ct. Kings Co., Dec. 5, 1882, an unreported case,) damages were sought to be recovered for the malpractice of defendant's surgeon.   Mr. Justice GILBERT said:   "My conviction is very clear that this is not a case to go to the jury at all.   I have already ruled and explained the reason of it, that this corporation is not responsible for any malpractice committed by surgeons or assistants in charge.   Proving malpractice to any extent at all would not involve the corporation.   It is incumbent on the plaintiff to go further, and to show that the selection was made of incompetent persons; or, as Mr. Lamb has just argued, it would probably be sufficient to show that, where actual incompetency was proved, there was a departure from the by-laws in making the selection."

In Proctor v. Manhattan Eye & Ear Hospital, (Cir. Ct. N. Y. Co., June, 1879,) Mr. Justice LAWRENCE dismissed the complaint, holding that there was no evidence of negligence to go to the jury; and, referring to McDonald v. Hospital, 120 Mass. 432, said: "I do wish to refer for a single moment to one paragraph of the opinion of Judge DEVENS:   'It might well be questioned whether any contract could be inferred between the plaintiff and the defendant.   It has offered to him freely those ministrations which, as the dispenser of a public charity, it has been able to provide for his comfort, and he has accepted them.   It has no funds which can be charged with any judgment which he might recover, except those which are held subject to the trust of maintaining the hospital.   If, however, any contract can be inferred from the relation of the parties, it can be only on the part of the corporation that it shall use due and reasonable care in the selection of its agents.'   And then he goes on to hold that the due and reasonable care in the selection of agents was shown in that case; and I hold, as a matter of law, that, upon the uncontradicted evidence in this case, due care and due skill have been shown to have been exerted and exercised by this corporation in the selection of the visiting surgeons who operated upon or who were consulted about the operation which was performed upon the plaintiff's eyes."

In Pryor v. Manhattan Eye & Ear Hospital, (Sup. Ct., Sp. Term, N. Y. Co., Nov., 1890,) the following was also by Mr. Justice LAWRENCE:   "But, if the above objections to the sufficiency of the complaint are not well founded, I am of the opinion that the complaint does not state facts sufficient to constitute a cause of action.   It is well settled that a corporation established for the maintenance of a public charitable hospital, which has exercised due care in the selection of its agents, is not liable for injury to a patient, caused by their negligence.   McDonald v. Hospital, 120 Mass. 432; Insurance Patrol v. Boyd, 120 Pa. St. 624, 15 Atl. Rep. 553; Proctor v. Manhattan Eye & Ear Hospital, reported in 15 Med. Rec. No. 25.   In the complaint in this action there is no allegation that the defendant failed to exercise due care in the selection of its house surgeon,

nor that he was not perfectly competent and skillful in his profession. It follows, therefore, that there should be judgment for the defendant upon the demurrer, with leave to the plaintiff to amend, on payment of costs. "