EVA JOEL, Appellant, *v.* THE WOMAN'S HOSPITAL in the State of New York, Respondent.

*Public charitable corporation — not liable for the negligence of its servants.*

| 89h 73 |
| 59ad 66 |

| 89h 73 |
| 78 AD 320 |

| 89h 73 |
| 79 AD 346 |
| 79 AD 347 |

Upon the trial of an action brought against the defendant to recover damages resulting from its alleged negligence, it appeared that the plaintiff was a patient in the hospital of the defendant, a public charitable corporation, and, while there, was placed under the influence of an anæsthetic during the performance of an operation. It further appeared that patients, after undergoing operations, were placed on beds that were heated with bottles of hot water; that the plaintiff was placed in a bed heated in that manner, but from which the nurse had neglected to remove the bottles, and the consequence was that her foot, coming in contact with a bottle, was severely burned.

*Held,* that the complaint was properly dismissed.

APPEAL by the plaintiff, Eva Joel, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 26th day of January, 1895, upon the dismissal of the complaint directed by the court after a trial at the Kings County Circuit before the court and a jury.

The action was brought to recover damages for alleged negligence upon the part of the servants of the defendant, whereby the plaintiff was injured while she was an inmate of the hospital owned by defendant.

*L. J. Morrison,* for the appellant.

*P. H. Vernon,* for the respondent.

BROWN, P. J. :

The plaintiff was a patient in the defendant's hospital from September 15 to December 15, 1892. While there she was placed

under the influence of an anæsthetic during the performance of an operation.

The evidence showed that patients, after undergoing operations, were usually placed on beds that were heated with bottles of hot water. The plaintiff was placed in a bed heated in that manner, but from which the nurse had neglected to remove the bottle, and the consequence was that her foot, coming in contact with the bottle, was severely burned. The evidence showed the defendant to be a public charitable corporation, and the appellant does not now deny that such is its character. Being such, we are of the opinion that the complaint was properly dismissed.

*Van Tassell* v. *The Manhattan Eye & Ear Hospital* (39 N. Y. St. Repr. 781) presented a case similar to that now before this court, and it was there decided by the General Term of this department that the defendant was not liable except for the omission to exercise due care in the selection of its surgeons and other employees.

In the absence of any controlling authority in this State we are bound by that decision.

The great weight of authority, however, supports the ruling of the trial court. (*McDonald* v. *Mass. Gen. Hospital,* 120 Mass. 432; *Fire Insurance Patrol* v. *Boyd,* 120 Penn. 624; *Doyle* v. *N. Y. Eye & Ear Infirmary,* 80 N. Y. 631; *Harris* v. *Woman's Hospital,* 27 Abb. N. C. 37; *Allan* v. *The State Steamship Co.,* 132 N. Y. 91; *O'Brien* v. *Cunard Steamship Co.,* 154 Mass. 272.)

In the case of *Glavin* v. *Rhode Island Hospital* (12 R. I. 411) the ruling of the trial court, to which exception was taken, was much broader than in the case before us. In that case a verdict was directed for the defendant on the ground that a public charitable corporation was exempt from liability for any negligence on the part of its trustees, agents, etc.

While there is very much in the opinion tending to support the appellant's contention, the case as presented by the exception is not necessarily an authority in her favor.

The judgment must be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.