[S. F. No. 2348.   Department Two.—February 5, 1903.]

## WILLIAM L. BROWN, Respondent, v. LA SOCIÉTÉ FRANÇAISE DE BIENFAISANCE MUTUELLE, Appellant.

PRIVATE HOSPITAL—MUTUAL BENEFIT SOCIETY—LIABILITY FOR NEGLIGENCE OF SURGEON.—An incorporated society conducting a private hospital for the mutual benefit of its members, which treats sick members in consideration of payment of dues, and receives other sick patients for an agreed compensation, is liable to one of the latter for damages caused by the negligence of a surgeon employed at the hospital at a salary paid by the society.

ID.—CHARITY—BY-LAWS.—By-laws of the society providing for charity as one of the aims of the hospital does not render it a charitable society, where there is nothing in them requiring the application of the funds of the society to charitable purposes, and the funds contributed by the members are, beneficially, their own property.

ID.—CHANGE OF BY-LAWS.—Where the by-laws are changed so as to cease to provide for charity, the former by-laws must be regarded as superseded by the latter.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion.

A. Comte, Jr., and Boyd & Fifield, for Appellant.

Reddy, Campbell & Metson, for Respondent.

SMITH, C.—This is an appeal by the defendant from a judgment in favor of the plaintiff for the sum of $1,550 damages suffered by him while an inmate of defendant's hospital, from the negligent and unskillful conduct of defendant's surgeon in setting his fractured leg. No question is made by the appellant as to the sufficiency of the evidence to justify the verdict as to amount, or as to the negligence of the surgeon, but the sole question is as to the liability of the defendant therefor.

The plaintiff was admitted to the defendant's hospital for surgical treatment upon the terms of paying for the operation fifty dollars, and for a separate room, if occupied by him, three dollars, or if occupying the general ward, two dollars per day. The operation was performed by the surgeon-in-chief of the society, who is paid by the month, the amounts received from the plaintiff going to the society. From this statement it it clear that the contract of the plaintiff was with the defendant, and that the surgeon was merely its servant or agent. The defendant, therefore, unless excepted from the general rule of *respondeat superior*, is liable for his negligence. (Deering's Civ. Code, sec. 2338, and cases cited.) But the contention of the appellant is, that it is a charitable institution, and that, as such, in the absence of allegation or proof of negligence in their selection, it is not liable for the negligence of its servants. Two questions are thus presented,—the one as to the legal proposition involved, the other as to the character of the association. In support of the legal proposition, numerous authorities are cited by the appellant; and, though the proposition is not altogether undisputable, either on principle or authority, it may, for the purposes of the decision, be assumed to be correct. (*Ward* v. *St. Vincent's Hospital*, 50 N. Y. Supp. 466; 23 Misc. Rep. 91; *Hearns* v. *Waterbury Hospital*, 66 Conn. 98; *McDonald* v. *Mass. Gen. Hospital*, 120 Mass. 432;[1] *Downes* v. *Harper Hospital*, 101 Mich. 555;[2] *Joel* v. *Woman's Hospital*, 35 N. Y. Supp. 37; 89 Hun, 73; *Harris* v. *Woman's Hospital*, 14 N. Y. Supp. 881; *Van Tassel* v. *Manhattan etc. Hospital*, 15 N. Y. Supp. 620; *Haas* v. *Missionary Society etc.*, 26 N. Y. Supp. 868; 6 Misc. Rep. 281; *Fire Ins. Patrol* v. *Boyd*, 120 Pa. St. 624.[3]) We have, there-

[1] 21 Am. Rep. 529.
[2] 45 Am. St. Rep. 427.
[3] 6 Am. St. Rep. 745.

fore, to consider only the question as to the alleged charitable character of the society.

From the by-laws of the defendant, of date May 10, 1854, it appears that the society was originally organized as a voluntary association, but was afterwards incorporated by the filing of a certificate of election of trustees, June 7, 1854, (Hittell's Gen. Laws, art. 1024); and on May 5, 1895, new by-laws were adopted. From these it appears that "the society is established on the basis of mutuality for the treatment of sick members," or, as more specifically provided, for the purpose of securing to its members (without payment otherwise than of dues) medical and surgical treatment, including the services of its physicians, surgeons, apothecaries, dentists, nurses, etc., and also medicines. Nor do we find in it any provision for assistance to others, except to paying patients, or sick persons not members, admitted to treatment for agreed compensation. It is therefore merely an association for mutual profit or benefit, similar in its essential nature to other societies formed for such purposes. (*Gorman* v. *Russell*, 14 Cal. 531; 18 Cal. 688; *Donnelly* v. *Boston Catholic Cemetery*, 146 Mass. 166; *Coe* v. *Washington Mills*, 149 Mass. 547; *Babb* v. *Reed*, 5 Rawle, 151;[1] *Texas and Pac. Coal Co.* v. *Connaughton*, 20 Tex. Civ. App. 642.)

In reaching this conclusion we have not left out of view the original by-laws of the society, which are apparently much relied on by the appellant. But assuming it was within the powers of the society to adopt the new by-laws (about which there seems to be neither doubt nor dispute), the former must be regarded as superseded by the latter, and therefore as immaterial to the question involved, which is as to the present character of the society. Our conclusion, however, would be in no way affected, were the society still operating under its original by-laws. These, indeed, permit, and even contemplate, the exercise of charity as one of the aims of the society, but there is nothing in them requiring the application of the funds of the society to such purposes (*Donnelly* v. *Boston Catholic Cemetery*, 146 Mass. 166-167); nor can the funds contributed by the members be regarded otherwise than as, beneficially, their own property. (*Coe* v. *Washington Mills*, 149 Mass. 547-548).

[1] 28 Am. Dec. 650.

Other points urged on behalf of appellant may be briefly disposed of.

Of the cases cited by its counsel relating to railroad surgeons, etc., all except three are cases of treatment of injured employees or others by surgeons gratuitously furnished by defendants. In each of them the decision was rested exclusively on that ground, which has no application here. (*Secord* v. *St. Paul etc. R. R. Co.,* 18 Fed. 221; *South Florida R. R. Co.* v. *Price,* 32 Fla. 46; *York* v. *Chicago etc. R. R. Co.,* 98 Iowa, 544; *Eigmy* v. *Union Pac. R. R. Co.,* 93 Iowa, 538; *Atchison etc. Ry. Co.,* v. *Zeiler,* 54 Kan. 340; *Chicago etc. Ry. Co.* v. *Howard,* 45 Neb. 570; *Pittsburg etc. Ry. Co.* v. *Sullivan,* 141 Ind. 83.[1])

The excepted cases relate to hospitals maintained by railroad companies for the free treatment of its employees, partly supported by monthly deductions from the pay of the latter, and partly by the company, which, it was held, are to be regarded as charitable institutions. (*Union Pac. R. R. Co.* v. *Artist,* 60 Fed. 365; *Pierce* v. *Union Pac. R. R. Co.,* 66 Fed. 44; *Richardson* v. *Carbon Hill Coal Co.,* 10 Wash. 648.) This view seems to have been questioned in *Texas and Pac. Coal Co.* v. *Connaughton,* 20 Tex. Civ. App. 642; but assuming the rule to be as held in the cases cited, it is sufficient to say it has no application to the case under consideration.

The decisions as to steamship surgeons, also cited by appellant's counsel, stand upon considerations peculiar to the cases involved, and come within the exception provided in section 2338 of the Civil Code, cited *supra.*

The remaining point urged by appellant is not altogether clear, but it seems to be, that the surgeon was a sub-agent appointed by the defendant as agent of the plaintiff, and therefore the agent of the latter. It is hardly necessary to say that the contention is without merit.

We advise that the judgment appealed from be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

          McFarland, J., Lorigan, J., Henshaw, J.

---

[1] 50 Am. St. Rep. 313.