### BRAY v. HARRIS COUNTY.

(Court of Civil Appeals of Texas. San Antonio.
Oct. 25, 1911. Rehearing Denied
Nov. 22, 1911.)

COUNTIES (§ 149*)—CONTRACTS FOR IMPROVEMENTS—VALIDITY.

Award of a contract to paint a county jail is unenforceable, if no special tax fund therefor has been created, and current expenses exceed the amount of the general fund.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 214; Dec. Dig. § 149.*]

Error from Harris County Court; E. P. Hamblen, Judge.

Action by John W. Bray against Harris County. Judgment for defendant, and plaintiff brings error. Affirmed.

John G. Tod, for plaintiff in error. R. L. Whitehead, for defendant in error.

FLY, J. The parties occupy the same position on the docket in this court as in the county court, and will be styled plaintiff and defendant as in that court. The suit was instituted to recover of Harris county damages in the sum of $320, claimed to have accrued by the breach of a contract, made between the parties, as to the painting of the county jail. The cause was tried by jury, which was instructed to and did return a verdict for the defendant.

We will briefly review the evidence, to ascertain if there was any testimony requiring a submission of the case to the jury. In March, 1908, plaintiff, in response to an ad-

vertisement published by defendant, filed a bid to paint the jail with the county auditor, and the contract was awarded to him, on condition that a bond be filed, but before the contract was signed the award was rescinded by the commissioners' court. Plaintiff had incurred no expense, and had taken no steps to execute the contract. The bond had not been approved, nor contract signed. The order of the commissioners' court awarding the contract, does not appear in the record; but it was evidently conditioned on the execution of a written contract, signed by plaintiff and by the county judge, because the contract was prepared and signed by plaintiff, and he endeavored to obtain the signature of the county judge to the contract, but failed.

The evidence showed that no levy of a tax had been made to provide a special fund to pay the amount for painting the jail, and also that the amount could not be paid out of the general fund, because the current expenses for that year greatly exceeded the amount of such fund. The same question was presented to the Supreme Court in the case of Ault v. Hill County, 102 Tex. 335, 116 S. W. 359, and it was held that a contract for constructing improvements on the courthouse was unlawful, if made without the levy of a special tax to provide a fund for its payment, where the entire general fund was needed to meet its current expenses. If plaintiff had been paid out of the general fund, it would have been at the expense of some other account; for, without paying him, the general fund failed by thousands of dollars to meet the current expenses. Not only did the current expenses exceed the general fund in 1908, but a like deficiency had occurred for each year for five years before the cause was tried. Plaintiff had no cause of action, and a verdict was properly instructed by the court.

The judgment is affirmed.