# PECOS & NORTHERN TEXAS RAILWAY COMPANY v. ROSENBLOOM.

## ERROR TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 613. Submitted February 24, 1916.—Decided March 13, 1916.

If an employé of an interstate carrier is employed in interstate commerce when killed, the right of recovery against the carrier depends upon the Federal Employers' Liability Act, which only permits suits by a personal representative for the benefit of the surviving widow or husband and children if there be such; and, in view of the pleadings and testimony in this case, *held* that it was error for the trial court to refuse an instruction to the effect that if the employé was at the time of his death engaged in interstate commerce, the widow of deceased could not maintain an action against the employer for the benefit of herself, as next friend for her minor children, and for the use and benefit of parents of deceased.

141 S. W. Rep. 174, reversed.

THE facts, which involve the application and construction of the Federal Employers' Liability Act, are stated in the opinion.

*Mr. J. W. Terry, Mr. Gardiner Lathrop, Mr. A. H. Culwell, Mr. Alexander Britton* and *Mr. Evans Browne* for plaintiff in error.

*Mr. James D. Williamson, Mr. H. H. Cooper* and *Mr. J. A. Stanford* for defendant in error.

Memorandum opinion by MR. JUSTICE McREYNOLDS, by direction of the court.

In November, 1909, M. A. Rosenbloom was instantl<sub></sub> killed by a ballast car being pushed by an engine a<sup>l</sup> track No. 5 in the railway company's switch y

Amarillo, Texas. Proceeding in behalf of herself, as next friend for her two minor children, and for the use and benefit of his parents, the deceased's widow instituted this suit for damages in the District Court, Potter County, Texas. The jury returned a verdict for seven thousand dollars—apportioned two thousand respectively to the widow and each child, and five hundred to each parent; judgment thereon was sustained by the Court of Civil Appeals (141 S. W. Rep. 174) and by the State Supreme Court.

Among other things the amended petition alleges: That Rosenbloom was employed by the railway as ticket clerk and required to be in and at the switch yard in order to take and preserve a record of numbers on outgoing cars and to seal those which needed it. That when the accident occurred a long freight train was leaving the yard on its regular run along switch track No. 4; as required by his duties, Rosenbloom was walking between tracks 4 and 5 and near the train observing and noting car numbers; while so engaged and exercising due care a ballast car, negligently pushed along track No. 3, struck him with great violence and caused his death.

It conclusively appears from the evidence that the freight train on track 4, consisted of thirty odd cars moving, with one exception, in interstate commerce. The petition declares that in pursuance of his duty deceased was taking the numbers of these cars; there was some direct evidence to the same effect; and certainly enough had been shown to support a finding that when killed he was engaged in interstate commerce. The trial court refused the following instruction:

"If M. A. Rosenbloom, at the time of his death, was engaged in examining seals and making record of seals on cars being transported interstate over the line of defendant and other lines of connecting carriers, and if such work was a necessary part and customary work, reason-

ably carried on by defendant as a part of its business, transporting freight interstate over its line, or if he had then just completed such inspection of said train and had not yet completed his record and placed it in the place where usually kept, then you will return a verdict for the defendant on its special plea that plaintiff has no right to maintain this suit in the capacity in which she sues."

Upon a clearly erroneous assumption that there was nothing on which to base such request, the Supreme Court approved its refusal. The record discloses no proper reason for thus denying plaintiff in error a right claimed under the Federal Employers' Liability Act. If when struck deceased was employed in interstate commerce, the right of recovery depended upon that Act; and it only permits suit by a personal representative for the benefit of surviving widow or husband and children if there be such. April 22, 1908 (c. 149, 35 Stat. 65; April 5, 1910, c. 143, 36 Stat. 291). It is unnecessary to take up other points presented by counsel; the purpose and effect of the Federal legislation has been much discussed in our recent opinions. *Pedersen v. Del., Lack. & West. R. R.,* 229 U. S. 146; *St. L. & San Fran. Ry. v. Seale,* 229 U. S. 156; *Nor. Car. R. R. v. Zachary,* 232 U. S. 248; *Ill. Cent. R. R. v. Behrens,* 233 U. S. 473; *Seaboard Air Line v. Horton,* 233 U. S. 492; *N. Y. Central R. R. v. Carr,* 238 U. S. 260; *Penna. Co. v. Donat,* 239 U. S. 50; *Southern Railway v. Lloyd,* 239 U. S. 496; *Shanks v. Del., Lack. & West. R. R.,* 239 U. S. 556.

The judgment below is reversed and the cause remanded to the Supreme Court of Texas for further proceedings not inconsistent with this opinion.

                                      *Reversed.*