[Civ. No. 3760. Second Appellate District, Division One.—December 22, 1921.]

## BERTHA BOWMAN, etc., et al., Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

[1] Negligence—Death of Railroad Employee—Federal Employers' Liability Act—Pleading—Party Plaintiff.—Under the Federal Employers' Liability Act, which relates to the liability of common carriers by railroad to their employees in certain cases, the right to recover, in case of the death of an employee, is in the personal representative of the deceased, and no one else can maintain the action.

[2] Id.—Amendment of Complaint—Substitution of Personal Representative as Party Plaintiff—Error Without Prejudice—Nonsuit.—Error in allowing the amendment of a complaint, setting up in one count a cause of action under the Federal Employers' Liability Act, whereby the personal representative of the deceased was substituted for the original parties after the statute of limitations had run against the action, was without prejudice where a judgment of nonsuit in favor of the defendant was entered on such cause of action.

[3] Id.—Cause of Action Under State Law—Proper Amendment.—An amendment of a complaint setting up in a second count negligence of the defendant in its treatment of the employee, by substituting the personal representative of the deceased employee as party plaintiff after the federal statute of limitations had run against the first cause of action, was not erroneous, since the liability arose under the laws of this state, and such substitution was not the beginning of a new action.

[4] Id.—Negligent Treatment by Physicians—Railroad Hospital Maintained by Employees—Liability of Company.—A railroad company is liable for the negligence of its physicians in the treatment of an injured employee while confined in a hospital

maintained by the company, notwithstanding the company exercised due care in their selection, in the absence of any showing that the funds collected monthly from employees for the maintenance of such hospital constituted a trust fund in which the employees had an interest and that the hospital was operated solely as a charity.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

W. Maxwell Burke and J. B. Tatlow for Respondents.

CONREY, P. J.—William Bowman was an employee of the defendant, a common carrier doing an interstate business. While employed in the yards of the defendant, in the city of Los Angeles, on the sixth day of May, 1913, Bowman received certain injuries, followed by his death on the second day thereafter. He left as his surviving dependents the plaintiff Bertha Bowman and three minor children. Thereafter, on April 20, 1914, this action was commenced in the name of the parties as shown in the foregoing title, for the benefit of said widow and minor children. The action was tried on issues presented by the third amended complaint and the answer thereto. In that complaint, as well as the original complaint, two causes of action were stated. The first count in each complaint was based upon negligence of the defendant alleged to have caused the accident and resulting injury and death. The second count alleged negligence of the defendant in its treatment of Bowman at its hospital on Crocker Street, in the city of Los Angeles, and in conveying him from that hospital to its hospital in San Francisco, and in treatment of the deceased at the hospital in San Francisco, by reason whereof the death occurred.

On the thirtieth day of April, 1918, pursuant to notice duly given, the plaintiff asked leave of court to amend her complaint by showing the fact of her appointment as administratrix of the estate of William Bowman, deceased, and by omitting the words, "Bertha Bowman, widow of William Bowman, deceased," and substituting therefor the name of

Bertha Bowman, administratrix of said estate for the benefit of Bertha Bowman, widow, Julia Bowman, Elsie Bowman, and Minehard Bowman, minor children of the deceased. Overruling the objections of the defendant thereto, this motion was granted and the action was thereafter prosecuted in said substituted name.

At the trial of the action the court, on motion of defendant, granted a judgment of nonsuit as to the first cause of action. On the second cause of action the case was submitted to the jury, which rendered a verdict in favor of the plaintiff. Judgment was rendered accordingly, and the defendant appeals from the judgment.

[1] Appellant's first point is that the court erred in allowing the amendment whereby the personal representative of the deceased was substituted for the original parties after the statute of limitations had run against the cause of action. In support of this proposition we are referred to the Federal Employers' Liability Act (35 Stats. at Large, 65; 8 Fed. Stats. Ann., 2d ed., p. 1208 [U. S. Comp. Stats., secs. 8657–8665]), which relates to the liability of common carriers by railroad to their employees in certain cases. In case of the death of the employee, the action is authorized to be prosecuted by the personal representative of the deceased employee for the benefit of the surviving widow and children of such employee. Section 6 of the act (sec. 8662) establishes a limitation of two years within which the action must be commenced, counting from the date cause of action accrued. It has been held that where the federal statute is applicable, the right to recover, if any, is in the personal representative of the deceased, and that no one else can maintain the action. (*St. Louis etc. Ry. Co.* v. *Seale,* 229 U. S. 156 [Ann. Cas. 1914C, 156, 57 L. Ed. 1129, 33 Sup. Ct. Rep. 651]; *Pecos etc. Ry. Co.* v. *Rosenbloom,* 240 U. S. 439 [60 L. Ed. 730, 36 Sup. Ct. Rep. 390, see, also, Rose's U. S. Notes].) It may be conceded that the first cause of action in the complaint arose under the Federal Employers' Liability Act, and that on account of the provisions of that act, and in accordance with the decisions above noted, the court erred in permitting the substitution of parties plaintiff at the time when that was done. [2] But inasmuch as a judgment of nonsuit on that cause of action was entered in favor of the defendant, the error was without

prejudice.   [3]   The cause of action stated in the second count of the complaint is based upon facts occurring in the hospital when the deceased was not engaged in work as an employee of the defendant in its interstate commerce, or any other business of the defendant.   The liability of the defendant under this cause of action arises under the laws of California, and not under the Federal Employers' Liability Act.   The law of this state permits such actions to be maintained by the heirs or personal representatives.   (Code Civ. Proc., sec. 377.)   And in such cases as the one now at bar, the beneficiaries are the widow and minor children.   These are the real parties in interest, whether the action be brought in their own names or by an administrator of the estate of the deceased.   This being so, the substitution of parties as made by the court in this case, so far as the second cause of action is concerned, cannot be regarded in any sense as the beginning of a new action.   Indeed, appellant has not suggested anything to the contrary.

Appellant further contends that the verdict of the jury and the judgment entered thereon are contrary to the evidence and contrary to law.   [4]   The real question is one of law, requiring that the court ascertain whether there exists any liability of a railroad corporation for negligence of physicians employed by it in the course of their treatment of an injured employee in a hospital maintained by the railroad company under the circumstances exhibited in this case. Counsel for appellant claims that the evidence was not such as to justify the jury in determining that the physicians were negligent, or that either of them was negligent, in the premises.   That there is strong evidence in their favor need not be denied.   There is definite and sufficient evidence the other way—quite sufficient to sustain the verdict of the jury —upon that issue.   It is also perfectly clear and undisputed that the physician who had charge of the deceased in the hospital at Los Angeles was a competent physician and surgeon.   The same is true of the physician who took charge of the case when the deceased arrived at the hospital in San Francisco.   This establishes the fact that the defendant used due care in the selection of these physicians and surgeons.   The gist of the matter is that according to the evidence produced by the plaintiff in support of that contention, the physician in the hospital at Los Angeles was negli-

gent—particularly in causing the patient to be removed from
Los Angeles to San Francisco under the conditions existing
at the time of such removal; and that according to this evi-
dence the death of the patient was proximately caused by
such negligence.   This brings us to the final question, which
is whether or not the defendant, after using due care in the
selection of a physician, is liable for his negligence.

The evidence is somewhat vague in its definition of the
conditions under which the defendant maintains the hospitals
in which Bowman received treatment, and concerning the
obligations assumed by the defendant toward its employees
with respect to their right to receive medical or surgical care
when they have received injuries in the course of their em-
ployment.   It does appear that the defendant maintained
the Crocker Street Hospital in Los Angeles, and also main-
tained a general hospital at San Francisco "for the entire
system of the Southern Pacific," and employed physicians
to treat and care for patients in its hospitals; that the em-
ployees of defendant paid a hospital fee of fifty cents
per month, which was regularly taken out of their pay
checks.   The deceased made these payments.   According to
testimony of an employee of the defendant, who was called
as a witness by the plaintiff, the defendant was in the habit
of taking fifty cents per month from each of its employees
to cover hospital and medical service.   The Southern Pacific
Company spent that money in support of the hospital, nurses
and all that goes with a hospital.   If a man came into the
service of the railroad, he did it with the understanding
that he would pay this fifty cents a month; and if he did
not pay it, he would leave the service of the company.   It
was a verbal expression between the employing officer and
the employee on entering the service.   It was for hospital
attention, whether he was injured in the service or whether
he was sick from natural causes.   He would get medical treat-
ment that his case called for.   They merely told a man
that this company maintained a hospital and that the dues
were fifty cents a month.

Apparently the liability of an employer for the negligence
of its physicians or surgeons, under the circumstances now
presented, has not been limited and defined by decision in
this state.   In *Brown* v. *La Societe Francaise,* 138 Cal. 475
[71 Pac. 516], the supreme court referred to certain decisions

which "relate to hospitals maintained by railroad companies
for the free treatment of its employees, partly supported by
monthly deductions from the pay of the latter, and partly by
the company, which, it was held, are to be regarded as char-
itable institutions"; and the companies were held not liable
for the negligence of physicians selected by them for service
in such hospitals. The court also noted that these views
have been questioned elsewhere, and then remarked that the
question need not be determined in the case then under
consideration. The same decisions, together with a number
of later cases, are brought together in a note found in 14
Ann. Cas. 749. These in large part are identical with the
decisions quoted in the briefs of counsel in the present case.
According to many decisions, it has been held that where a
master conducts a hospital for the use of his servants, not
for purposes of gain, but for charitable purposes merely, he
is not liable to an employee for injuries caused by the negli-
gence of the physicians or attendants, unless reasonable care
was not used in their selection; that if a railroad company
does not use reasonable care in the selection of the persons
who have charge of the patients in such a hospital, and if it
fails to select skillful and competent surgeons, physicians,
and attendants, it may be required to respond in damages
to any employee who has been injured by such incompetent
or unskillful physicians, surgeons, or attendants; that if the
hospital and medical department of an employer are not
conducted for purposes of profit, the enterprise remains a
charity, notwithstanding the fact that it is supported by
contributions regularly taken by the company out of the
pay of its employees. A leading case to this effect is *Union
Pac. Ry. Co.* v. *Artist*, 60 Fed. 365 [23 L. R. A. 581, 9
C. C. A. 14]. But there are well-reasoned cases which hold
that where a railroad company, under circumstances like
those indicated by the evidence here, conducts a hospital
as part of a relief department, such relief department is a
business arrangement on the part of the company; that the
hospital is not a charity; that the contributions of the
railroad employees are not voluntary; and that the physi-
cians and attendants of the hospitals are agents of the com-
pany. Consequently, it is further held that the company
is liable for the negligent acts of the physicians employed.
(*Phillips* v. *St. Louis etc. R. R. Co.*, 211 Mo. 419 [124 Am.

St. Rep. 786, 14 Ann. Cas. 742, 17 L. R. A. (N. S.) 1167, 111 S. W. 109]; *Texas & Pacific Coal Co.* v. *Connaughton,* 20 Tex. Civ. App. 642 [50 S. W. 173].) In the Texas case last cited the evidence showed affirmatively that the money paid by the employees or reserved by the company yielded the company a net profit which went to its credit in the bank, together with the other moneys of the company. So it was held that this was not a trust fund in which the employees had any permanent or substantial interest. All the company had to do to rid itself of any such claim was to rid itself of such employee. "The true relation between the company and its employees, as we understand it, was this: In consideration of a reduction of the wages of all the men employed, and the profit to be made by the company, it bound itself to furnish medical treatment to such of them as should get hurt or become sick while working for the company. It should, therefore, bear the loss of improper treatment, since the law implies in such cases an undertaking to give proper treatment. So far from showing the creation of a trust fund for charitable purposes, the record suggests a monopoly, with accrued profits, in taking care of the sick. At all events, we think it will bear the construction which we understand the jury to have given it." In the case at bar there is no evidence that there was, or that there was not, any profit in the administration of the relief department of the defendant. In this alone it differs from the Texas case. But in the absence of any evidence directly on this point, the jury was authorized to infer from the facts which were proved, that the defendant collected these contributions from its employees and held the same as its own funds, and that by the payment of these amounts, the employees did not acquire any permanent or substantial interest in the moneys paid by them as constituting a trust fund. From the employment itself, and the payment of the contribution, the employer bound itself by implied contract to furnish medical or surgical treatment to the employee if he was injured or suffered illness while working for the company. If there were additional facts from which it should have been inferred that the funds collected constituted a trust fund, and that the hospital was operated solely as a charity, those facts should have been shown by the defendant. *Prima facie,* the inference runs the other way. Upon the

record here presented, we are of the opinion that the hospitals of the defendant were not charitable institutions and that the defendant is responsible for the negligence of the physician employed by it.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 20, 1922.

All the Justices concurred, except Sloane, J., and Lennon, J., who were absent.