[Civ. No. 8018. First Appellate District, Division One.—June 23, 1932.]

JULIA INDERBITZEN et al., Appellants, v. LANE HOSPITAL et al., Respondents.

Keyes & Erskine and Lionel Browne for Appellants.

Redman, Alexander & Bacon and Herbert Chamberlin for Respondents.

DOOLING, J., *pro tem.*—This is an appeal by plaintiffs, husband and wife, from an order of the trial court granting a nonsuit at the close of plaintiffs' evidence. The action was one for damages for alleged tortious treatment of the appellant wife in connection with her delivery of a child in a hospital alleged to have been operated by respondents. The evidence shows that Mrs. Inderbitzen was received into the hospital for the purpose of receiving the hospital and medical attention necessary in the delivery of a child; that she was shown into a room where she was undressed and examined by a young man whom she took to be a medical student and upon her demanding a doctor the young man left the room and returned with an older man who subjected her to a rectal and vaginal examination after taking his hands from his pockets and without washing or sterilizing them; that she was then subjected to a similar examination by the younger man, also without sterilizing his hands; that she was taken to the delivery room where she was examined intimately two or three times each by at least ten or twelve young men whom she took to be students; that several of these persons rolled her over and poked and prodded about her body several times; that she screamed and protested repeatedly at this treatment and "whenever I screamed and protested they just laughed, told me to shut up". There was evidence by a physician who examined Mrs. Inderbitzen two months later that there was then a tear in her uterus which was infected and discharging profusely.

The motion for nonsuit was in the following language: "I move for nonsuit on the grounds that the allegations of the second amended complaint have not been sustained,

and upon the further ground that the charges of negligence and carelessness have not been proved.''

A motion for nonsuit must state the grounds with sufficient particularity to direct the attention of court and counsel for the plaintiff to the particulars in which the evidence is insufficient so as to enable counsel to supply the omitted evidence if that can be done (*Moore* v. *Steen*, 102 Cal. App. 723, 725 [283 Pac. 833]; *Moore* v. *Moffatt*, 188 Cal. 1, 5 [204 Pac. 220]; *Brown* v. *Sterling Furniture Co.*, 175 Cal. 563 [166 Pac. 322]; *Palmer & Rey* v. *Marysville Democrat Pub. Co.*, 90 Cal. 168 [27 Pac. 21]); and where a nonsuit has been granted, the court on appeal will reverse the order if none of the grounds stated in the motion are tenable even though there may be other defects in the proof which would have justified the granting of the nonsuit if they had been specified in the motion. (*Raimond* v. *Eldridge*, 43 Cal. 506; *Moore* v. *Moffatt, supra*.) This is for the sufficient reason that if the defect had been clearly pointed out plaintiff might then have cured it by the introduction of additional evidence. It is clear that the specification ''that the allegations of the second amended complaint have not been sustained'' was altogether too general to support the order granting the nonsuit. (*Dawson* v. *Tulare Union High School*, 98 Cal. App. 138, 140 [276 Pac. 424]; *Henley* v. *Bursell*, 61 Cal. App. 511 [215 Cal. 114]; *Brown* v. *Sterling Furniture Co., supra*.) It follows that we are limited on this appeal to the consideration of the ground that ''the charges of negligence and carelessness have not been proved'', together with any defect which may be inherent in the action and cannot be cured (*Warner* v. *Warner*, 144 Cal. 615 [78 Pac. 24]), if any such exists. With these rules in mind we shall proceed to a consideration of the particular reasons advanced against and in support of the order appealed from.

Respondents contend that there was no proof of the corporate entity of Lane Hospital and Stanford Hospital. This was not made a ground of motion for nonsuit and cannot now avail them. Besides an answer was filed on behalf of the trustees of Leland Stanford Junior University, operating such hospital. We may take judicial notice of its incorporation by special statute. (Code Civ. Proc. 1875.) It is further urged that the hospital is a charitable

one and not operated for profit, but this is an affirmative defense, the burden to prove which rests with the defendant. (*Lewis* v. *Young Men's Christian Assn.*, 206 Cal. 115 [273 Pac. 580].) ██ Respondents cite *Pilger* v. *City of Paris Dry Goods Co.*, 86 Cal. App. 277 [261 Pac. 328], as establishing that a hospital corporation cannot be liable for the malpractice or other tortious conduct of a physician. The case was one against a department store which had rented space to a chiropodist who injured the plaintiff's foot in treating her. There is language in the case which would support counsel's contention although the case might well have been decided on the ground that the chiropodist was a tenant and not an agent or employee. However, both before and since the decision of the Pilger case, hospitals have been held liable in this state for the tortious conduct of physicians employed by them to furnish treatment to their inmates (*Brown* v. *La Societe Francaise*, 138 Cal. 475 [71 Pac. 516]; *Bowman* v. *Southern Pac. Co.*, 55 Cal. App. 734 [204 Pac. 403]; *Bellandi* v. *Park Sanitarium Assn.*, 214 Cal. 472 [6 Pac. (2d) 508]), and there is substantial authority from other jurisdictions to the same effect. (*Jenkins* v. *Charleston Gen. Hospital & Training School*, 90 W. Va. 230 [22 A. L. R. 323, 110 S. E. 560]; *Gilstrap* v. *Osteopathic Sanatorium Co.*, 224 Mo. App. 798 [24 S. W. (2d) 249]; *Sawdey* v. *Spokane Falls & N. Ry. Co.*, 30 Wash. 349 [94 Am. St. Rep. 880, 70 Pac. 972]; *Phillips* v. *St. Louis & S. F. R. Co.*, 211 Mo. 419 [124 Am. St. Rep. 786, 14 Ann. Cas. 742, 17 L. R. A. (N. S.) 1167, 111 S. W. 109]; *Vaughan* v. *Memorial Hospital*, 100 W. Va. 290 [130 S. E. 481]; *Texas & Pacific Coal Co.* v. *Connaughton*, 20 Tex. Civ. App. 642 [50 S. W. 173]; *Arkansas Midland R. Co.* v. *Pearson*, 98 Ark. 399 [34 L. R. A. (N. S.) 317, 135 S. W. 917]; *Carver Chiropractic College* v. *Armstrong*, 103 Okl. 123 [229 Pac. 641]; *Harber* v. *Gledhill*, 60 Utah, 391 [208 Pac. 1111].) This court in deciding the Pilger case did not cite or discuss the earlier cases in this state cited above, nor in the Bellandi case did the Supreme Court cite or refer to the Pilger case. Under the circumstances we feel bound to follow the rule announced by the Supreme Court in *Brown* v. *La Societe Francaise, supra,* and *Bellandi* v. *Park Sanitarium, supra.* There is a further reason why this

point cannot be urged by respondents. It was plaintiffs' contention that most of the men who examined and treated Mrs. Inderbitzen were students and not licensed physicians. Whether a hospital could be held liable for the tortious conduct of physicians or not, it certainly would render itself liable to a patient who had paid it for medical attention if it permitted unlicensed students to experiment upon her and treat her without her consent. While the proof that these men were students may not have been adequate, this was not made a ground of the motion for nonsuit and so cannot be considered on this appeal.

Coming to the one ground which respondents did specify, i. e., that there was no proof of carelessness or negligence, we are satisfied that it was not well taken. Mrs. Inderbitzen testified that she was examined through the rectum and vagina by two men with unsterilized hands.

While it is the general rule that the propriety or impropriety of particular medical treatment can only be established by expert medical testimony, this rule is subject to the exception that if the particular matter is one of general knowledge expert evidence is not necessary. In *Barham* v. *Widing*, 210 Cal. 206 [291 Pac. 173, 177], the Supreme Court held that expert testimony was not necessary to establish that it constituted negligence for a dentist to administer a local anaesthetic for the purpose of extracting a tooth without sterilizing the needle or the flesh into which it was inserted, the court saying (p. 216): ''The court will take judicial knowledge of the necessity to use ordinary care to procure sterilization under such circumstances.'' We will likewise take judicial knowledge of the danger of infection to a woman about to give birth to a child from a vaginal examination performed with unsterilized hands. Two months afterward Dr. Hughes found Mrs. Inderbitzen with an infected uterus discharging profusely. There was no evidence that this was proximately caused by these examinations, but that was not made a ground of motion for nonsuit and if it had been the proof might have been supplied.

The repeated examinations of Mrs. Inderbitzen while she was in labor by ten or twelve different men which caused her to scream and protest, and the levity and

rudeness displayed in laughing at her and telling her to shut up, present anything but a pretty picture. In *Stone* v. *William M. Eisen Co.*, 219 N. Y. 205 [L. R. A. 1918B, 291, 114 N. E. 44], the New York court of appeals said of a contract for treatment of a woman patient: "Decent and respectful treatment is implied in the contract from the confidential relation of the parties, and especially because of the necessary exposure of the person required of the patient in connection with the services to be performed pursuant to the contract." It is revolting to the sense of decency to think of a woman in confinement, necessarily disrobed, being subjected to what must have been at least thirty or forty most intimate physical examinations at the hands of ten or twelve different men, and being treated with disrespect when she protested at such treatment. Counsel for respondents ask us to presume that this treatment was necessary and proper, or at least say that we cannot hold that it was improper in the absence of medical testimony to that effect. We think that common sense will tell any reasonable person that such treatment at the hands of so many is unnecessary and improper and "that scientific knowledge is not essential for the determination of an obvious fact". (*Bellandi* v. *Park Sanitarium Assn., supra,* p. 21.)

This treatment, at least after Mrs. Inderbitzen had objected to it, constituted an assault upon her or trespass to her person. A physician or a medical student has no more right to needlessly and rudely lay hands upon a patient against her will than has a layman. That the jury might have awarded substantial damages for these assaults seems clear from the distress of mind indicated by Mrs. Inderbitzen repeatedly screaming and protesting.

Counsel for respondents argue, however, that the case was not tried on the theory of assault. The complaint alleged these facts, the evidence was offered to prove them, and nothing appears in the transcript to lead us to believe that plaintiffs did not rely upon them to establish a cause of action.

It should be understood that throughout this opinion we have taken the evidence most strongly in plaintiffs' favor as we must where an appeal is taken from a nonsuit. We

wish it understood that we are expressing no opinion as to the weight of the evidence, or its truth or falsity.

The order appealed from is reversed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 23, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1932, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing is denied. In denying a hearing, however, we withhold our approval from that part of the opinion which seems to suggest that a nonsuit cannot be sustained on appeal except upon the grounds set forth in support of the motion. ▮ The correct rule, as we have heretofore held, is that when a motion for nonsuit has been granted, the judgment will be upheld if it can be justified on any ground, whether made a ground of the motion or not. (*Anchester* v. *Keck*, 214 Cal. 207 [4 Pac. (2d) 934]; *Miller* v. *Wade*, 87 Cal. 410 [25 Pac. 487]; *Bailey* v. *Brown*, 4 Cal. App. 515 [88 Pac. 518].)